UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00139-FDW-DCK

| | |
|---|---|
| SONDA FARMER AND STEPHEN FARMER, INDIVIDUALLY AND ON BEHALF OF S.F., THEIR MINOR CHILD,<br><br>Plaintiffs,<br><br>v.<br><br>UNION COUNTY BOARD OF EDUCATION,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on the Parties' Joint Status Report Regarding Jury Trial Demand. (Doc. No. 63.) Based on the Parties' Report and for the reasons set forth below, the Court MODIFIES the Case Management Order, ("CMO"), in this case as follows.

PRETRIAL SUBMISSIONS AND PRETRIAL CONFERENCE

The Case Management Order, ("CMO"), in this case was based on the parties' anticipation that trial would be unnecessary "following the Court's ruling on the Cross Motions for Judgment on the Administrative Record." (Doc. No. 17, p. 6.) In light of this case proceeding to trial only on claims not triable by a jury, the Court *sua sponte* revises the CMOs entered in this case, (Doc. Nos. 17, 44), to reflect that the case will proceed to a bench trial.

**a.** **Trial.** This case shall be tried without a jury. Counsel should be prepared to proceed to trial during the mixed trial term of court of March 3–14, 2025. Docket call will take place at 9:00 A.M. on Monday, March 3, 2025, in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina. The parties are DIRECTED to contact the Courtroom Deputy, Candace Cochran, and provide her with an estimate of the length of time

1

needed for trial no later than February 10, 2025. The order that cases will proceed to trial will be finalized at docket call, and counsel and witnesses should be prepared accordingly.

**b.** **Final Pretrial Conference.** Unless otherwise ordered by the Court, the final pretrial conference shall take place immediately following docket call, on March 3, 2025. On or before the date of the final pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

**c.** **Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers by February 10, 2025:

    i.    Jointly-Proposed Pretrial Order. The jointly-prepared and submitted document shall contain:

        (1)    A joint statement of the case, the purpose of which is to acquaint the court with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page.

        (2)    Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

        (3)    A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy

should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page, and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

3

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

(8) The parties must also file copies of the exhibit and witness lists on CM/ECF.

ii. Exhibits. Counsel and the parties are expected to use presentation technology available in the courtroom to display evidence. Training on the equipment should be arranged well in advance of trial with the Courtroom Deputy and requested no later than **February 10, 2025**, using the District's Courtroom Technology web form. See "Request Training" links on https://www.ncwd.uscourts.gov/courtroom-technology. Counsel shall provide a flash drive containing in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file and named consistent with their order and name on the exhibit list. The flash drive shall be delivered to the Clerk's Office (Attn: Candace Cochran) immediately after submitting

the jointly-proposed pretrial order. <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>

  iii. All working drafts of documents (*e.g.*, the proposed pretrial order) shall be submitted to Chambers electronically, in either Microsoft Word or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF.

  iv. After reviewing the pretrial submissions, the Court reserves the right to limit the presentation of evidence through establishing reasonable time limits for each party when necessary. The Court will consider the parties' proposed witness lists, proffered testimony, estimates of trial time, and other factors to ensure that the trial is conducted efficiently and fairly.

**b.** **Motions *in Limine* and Trial Briefs.** To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions *in limine*,[1] if appropriate, shall be filed on the Monday prior to the first day of the trial term during which the case has been calendared. Absent prior approval from the Court, each party may file no more than one brief, whether in support of or in opposition to, all motions *in limine*, excluding any motion filed pursuant to Rule 702 of the Federal Rules of Evidence. Written responses shall be due on the Thursday prior to the first day of the trial term. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii). The Court does not intend to address motions *in limine* at the pretrial conference but will instead address them on the first day of trial.

---

[1] Due to the more informal nature of a bench trial, a motion *in limine* should not be filed if the objection is susceptible to resolution in the course of trial.

c. **Video Depositions.** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

d. *De Bene Esse* **Depositions.** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(4) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist that would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

e. **Trial Subpoenas.** Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline. In completing the trial subpoenas, counsel should identify the information for docket call as the time, date, and place to appear from Section 4(a) above.

6

Case 3:23-cv-00139-FDW-DCK     Document 64     Filed 01/22/25     Page 6 of 7

Finally, should counsel need to contact the undersigned's Chambers regarding any administrative matters in this case, counsel shall TAKE NOTICE that an attorney of record **must** participate in any call or communication to Chambers.

**IT IS THEREFORE ORDERED** that the CMOs, (Doc. Nos. 17, 44), previously entered in this case are modified as explained herein with a bench trial to proceed during the Court's mixed trial term beginning March 3, 2025.

**IT IS SO ORDERED.**

Signed: January 21, 2025

Frank D. Whitney
Senior United States District Judge